IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Arc Communications Co. Ltd., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>Rotomotion, LLC and Dennis S. )<br>D'Annunzio, )<br>)<br>Defendants. )<br>) | C/A No. 2:14-cv-04195-DCN-MGB<br><br>**REPORT AND RECOMMENDATION<br>OF MAGISTRATE JUDGE** |

This matter is before the Court upon Plaintiff's Motion for a Default Judgment as to Defendant Rotomotion, LLC. (*See* Dkt. No. 20.) The motion has been referred to the undersigned for consideration. *See* 28 U.S.C. § 636(b).

**PROCEDURAL FACTS**

Plaintiff Arc Communications Company Limited ("Plaintiff") brought the instant action against Defendants Rotomotion, LLC ("Rotomotion") and Dennis S. D'Annunzio on October 28, 2014. (Dkt. No. 1.) On January 22, 2015, the Clerk entered default as to Rotomotion. (Dkt. No. 13; *see also* Dkt. No. 5.) On April 8, 2015, Plaintiff filed a Motion for Default Judgment as to Defendant Rotomotion. (Dkt. No. 20).[1]

On August 21, 2015, the undersigned issued an Order setting the hearing on the Motion for Default Judgment for September 14, 2015. (Dkt. No. 31; *see also* Dkt. No. 30.) That Order further stated, *inter alia*,

---

[1] On July 13, 2015, Plaintiff filed a Confession of Judgment as to Defendant Dennis S. D'Annunzio. (Dkt. No. 29.) That Confession of Judgment provides, *inter alia*,

> DENNIS S. D'ANNUNZIO ("D'Annunzio") hereby confesses to judgment in favor of ARC Communications Co., Ltd. ("ARC") and admits to liability in the amount of EIGHTY-FOUR THOUSAND SIX HUNDRED FIFTY AND 00/100 DOLLARS ($84,650.00), plus interest from the date of judgment as provided by law, together with the costs of this action as provided under the Federal Rules of Civil Procedure, and attorneys fees and costs associated with bringing the instant action.

(Dkt. No. 29-2 at 1 of 2.)

1

> Plaintiff is ORDERED to serve Defendant Rotomotion, LLC with (a) the Notice of Hearing on the Motion for Default Judgment (Dkt. No. 30); (b) this Order (Dkt. No. 31); and (c) the Motion for Default Judgment and attachments (Dkt. No. 20; Dkt. No. 20-1; Dkt. No. 20-2) on or before September 4, 2015. Plaintiff is further ORDERED to file a corresponding certificate of service on or before September 9, 2015.

(Dkt. No. 31 at 1.) On September 2, 2015, Plaintiff filed a "Declaration of Service." (*See* Dkt. No. 33.) In this Declaration, Attorney Cooper stated,

> 2. On August 25, 2015, Plaintiff served the Order and Notice of Hearing on the Motion for Default Judgment (Docket No. 31), the Notice of Hearing on the Motion for Default Judgment (Docket No. 30), and the Motion for Default Judgment and attachments (Docket No. 20, Docket No. 20-1, and Docket No. 20-2) on Defendant Rotomotion, LLC by mailing a copy of each to Defendant Rotomotion, LLC by certified mail, return receipt requested at the address listed for the registered agent for Rotomotion, LLC, 459 Jessen Lane, Suite C, Charleston, South Carolina and to the address at which the registered agent for Rotomotion, LLC is known to have his place of business, 1240 Winnowing Way, Suite 102 #1112, Mount Pleasant, South Carolina 29466. On August 26, 2015, Valerie Herald received service at 1240 Winnowing Way, Suite 102 #1112, Mount Pleasant, South Carolina 29466. A copy of the return receipt is attached hereto as Exhibit 1.
>
> 3. In addition, on August 31, 2015, my associate attorney, Margarete L. Allio, sent a courtesy electronic message to the registered agent for Defendant Rotomotion, LLC, confirming that we had received receipt, and also providing an electronic copy of the Order and Notice of Hearing on the Motion for Default Judgment (Docket No. 31), the Notice of Hearing on the Motion for Default Judgment (Docket No. 30), and the Motion for Default Judgment and attachments (Docket No. 20, Docket No. 20-1, and Docket No. 20-2). A copy of that electronic message is attached hereto as Exhibit 2.

(Dkt. No. 33 at 1-2.)

The undersigned held a hearing on this motion on September 14, 2015. (*See* Dkt. No. 34.) Lindsey W. Cooper, Esquire, attorney for Plaintiff, appeared at the hearing along with Pimprae Hiranprueck, representative for Plaintiff. Defendant Dennis S. D'Annunzio did not appear at the hearing, nor did any representative for Defendant Rotomotion.

## **FINDINGS OF FACT**

As noted above, a default has been entered against Rotomotion. (*See* Dkt. No. 13.) As a result of Rotomotion's default, the undersigned accepts Plaintiff's well-pleaded factual allegations as true.

2

*See DIRECTV, Inc. v. Rawlins*, 523 F.3d 318, 322 n.2 (4th Cir. 2008) (citing *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001)).

On or about June 9, 2014, Plaintiff, a company based in Bangkok, Thailand, "entered into a UAV Exchange Agreement (the 'Contract')" with Rotomotion, a South Carolina limited liability company. (Compl. ¶¶ 1-4, 7.) The Contract specified that Plaintiff "had previously purchased an SR30 UAV (the 'original SR30') from Rotomotion but that Rotomotion had experienced delays in its delivery, owing in significant part to Rotomotion's difficulty in obtaining an Export License from the U.S. Department of Commerce." (*Id*. ¶ 8.) The Contract also specified that "Rotomotion agreed to replace the original SR30 with a substitute SR30 (the 'new SR30') at its own expense" and "ship the new SR30 within twenty business days" of Plaintiff's execution of the Contract. (*Id*. ¶¶ 9-10.) "As consideration for Rotomotion's shipment of the new SR30, ARC was to ensure that the new SR30 was cleared by Thailand Customs and that ARC would pay all customs, fees, or license expenses." (*Id*. ¶ 11.) The Contract further provided that if Rotomotion "failed to ship the new SR30" within "twenty business days (the 'Shipment Date'), Rotomotion would refund to ARC the initial purchase price of the original SR30" of $69,650.00. (*Id*. ¶ 12.) Paragraph nine of the Contract "specifically provided that attorneys' fees and expenses be awarded to the successful party in any action brought to enforce the provisions of the Contract." (*Id*. ¶ 13.)

Rotomotion "failed to ship the new SR30 by the Shipment Date, which was on or about August 6, 2014." (*Id*. ¶ 15.) "Despite demands being made, Rotomotion also failed to refund to ARC the initial purchase price within three business days of its failure to ship the new SR30 by the Shipment Date." (*Id*. ¶ 16.) Rotomotion has neither shipped the new SR30 to Plaintiff nor repaid Plaintiff "the initial purchase price plus contractual fees and costs." (*Id.* ¶ 17.)

## ANALYSIS

Plaintiff's Complaint lists the following causes of action against Rotomotion: (a) breach of contract; (b) "fraud/fraud in the inducement"; (c) "piercing the corporate veil–alter ego doctrine";

and (d) conversion. (*See generally* Compl.)[2] Having found the facts as set forth in Plaintiff's Complaint deemed admitted by Rotomotion by default, the Court must ensure the Complaint sets forth claims as to which relief can be granted pursuant to the standard of Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See generally GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F.Supp.2d 610, 612 n.3 (E.D.Va. 2003); *see also Joe Hand Promotions, Inc. v. Scott's End Zone, Inc.*, 759 F. Supp. 2d 742, 747 (D.S.C. 2010).

Plaintiff has done so. *See, e.g., Branche Builders, Inc. v. Coggins*, 386 S.C. 43, 48, 686 S.E.2d 200, 202 (Ct. App. 2009) ("The elements for breach of contract are the existence of the contract, its breach, and the damages caused by such breach." (citing *Fuller v. E. Fire & Cas. Ins. Co.*, 240 S.C. 75, 89, 124 S.E.2d 602, 610 (1962))). Plaintiff's total damages are $99,656.63. Ms. Hiranprueck testified at the hearing that, in addition to incurring attorneys' fees and costs, Plaintiff suffered damages in the amount of $84,650.00. This figure is the sum of the $69,650.00 paid for the original SR30 as well as $15,000.00 in lost profits. Lindsey Cooper, attorney for Plaintiff, submitted an Affidavit revealing that Plaintiff had already paid $9,916.63 in attorneys' fees and costs, and, at the time of his Affidavit, had incurred an additional $5,090.00 in billed but unpaid legal fees and expenses, for a total of $15,006.63 in legal fees and expenses. (Dkt. No. 36-1; *see also* Dkt. No. 36-2.)[3]

In light of the undisputed evidence in the record, the undersigned recommends finding that Plaintiff suffered damages in the amount of $99,656.63 as follows:

---

[2]In the alternative, Plaintiff seeks specific performance against Rotomotion. (*See* Compl. ¶¶ 48-55.)

[3]"The general rule is that attorney's fees are not recoverable unless authorized by contract or statute." *Baron Data Sys., Inc. v. Loter*, 297 S.C. 382, 383, 377 S.E.2d 296, 297 (1989) (citing *Hegler v. Gulf Ins. Co.*, 270 S.C. 548, 243 S.E.2d 443 (1978)). In the instant case, the Contract provided that attorneys' fees are recoverable. (*See* Compl. ¶ 13; *see also* Court's Ex. 1.)

| | |
|---|---|
| Amount paid for original SR30: | $69,650.00 |
| Lost profits: | $15,000.00 |
| Attorneys' fees & costs | <u>$15,006.63</u> |
| Total damages | $99,656.63 |

The undersigned therefore recommends that the District Judge enter judgment against Defendant Rotomotion, in favor of Plaintiff, in the amount of $99,656.63, together with interest to accrue from the date of judgment forward to the extent provided for and permitted by applicable law. *See* 28 U.S.C. § 1961.

## **CONCLUSION**

Wherefore, it is RECOMMENDED that Plaintiff's Motion for Default Judgment (Dkt. No. 20) as to Rotomotion, LLC be GRANTED. It is RECOMMENDED that judgment be entered against Defendant Rotomotion, LLC in favor of Plaintiff Arc Communications Co. Ltd. in the amount of Ninety Nine Thousand Six Hundred Fifty Six and 63/100 dollars ($99,656.63), together with interest to accrue from the date of judgment forward to the extent provided for and permitted by applicable law.

The Clerk is directed to send a copy of this Report and Recommendation to counsel of record as well as to Dennis S. D'Annunzio at his address of record; to Rotomotion, LLC, 459 Jessen Lane, Suite C, Charleston, South Carolina 29492; and to Rotomotion, LLC, 1240 Winnowing Way, Suite 102 #1112, Mount Pleasant, South Carolina 29466. The Clerk shall also email a copy of the instant Report and Recommendation to Dennis.s@dannunzio.org.

IT IS SO RECOMMENDED.

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

November 6, 2015
Charleston, South Carolina

**The parties' attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).